**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| RICK JOHNSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.:  6:24-cv-01465-JSS-EJK |
| | ) |
| ANTI-DEFAMATION LEAGUE, et al. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANTS AMERICAN ISRAEL PUBLIC
AFFAIRS COMMITTEE AND HOWARD KOHR'S
MOTION TO DISMISS AND FOR AWARD OF FEES AND COSTS**

Pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(2), 12(b)(5), and 12(b)(6), Defendants American Israel Public Affairs Committee ("AIPAC") and Howard Kohr[1] move to dismiss all claims against them and move for an award of their reasonable attorneys' fees and costs, and in support state:

**INTRODUCTION**

In his 141-page, 222-paragraph, overly verbose, rambling, and frivolous complaint, Plaintiff spins a convoluted revision of biblical history in which he claims that his teachings as a self-proclaimed "Biblical Historian and Church Reformer" are somehow threatened by any implication that Defendants are

---

[1] Unless otherwise specified, references to "Defendants" in this motion refer to only AIPAC and Kohr and not any other defendants, who are represented by different counsel.

descendants of the biblical Judeans or that Israel is the Jewish people's ancestral homeland. To accept this assertion (and Plaintiff's outlandish demand for $100 billion in damages), however, this Court would have to adjudicate thousands of years of biblical and religious history simply to support Plaintiff's personal opinions of Judaism, who is a real or "fake" Jew, and whether Israel is a "legitimate biblical country." Such questions present nonjusticiable issues that federal courts are prohibited from adjudicating.

Even if Plaintiff could overcome this hurdle, his complaint suffers from additional infirmities. Procedurally, Plaintiff fails to establish this Court's personal jurisdiction over Defendants. He also failed to serve Defendants. Substantively, Plaintiff's complaint is a shotgun pleading. Plaintiff's threadbare, conclusory allegations also fail to state claims for relief under Rule 12(b)(6) and are wholly without merit. Incredibly, Plaintiff fails to allege a single, specific defamatory statement made by Defendants concerning Plaintiff. To the extent Plaintiff's claims are based on some unspecified accusation that he is a racist, an anti-Semite, or the like, it is well established that such statements do not give rise to a defamation claim (or any other claim) as a matter of law. Plaintiff also fails to allege facts sufficient to support his claims for constitutional rights violations and invasion of privacy.

Given these failures, the Court should dismiss all claims against Defendants and award Defendants their reasonable attorneys' fees and costs

under Florida's anti-SLAPP statute.

## RELEVANT ALLEGED FACTS

The nature of Plaintiff's complaint makes it impossible to summarize his purported factual allegations. Indeed, it is unclear which facts are relevant to Plaintiff's claims and which form part of an irrelevant rant (the overwhelming majority appears to be an irrelevant, incoherent rant). As best as Defendants can tell, the relevant alleged facts are these.

All "defendants" (not just AIPAC and Kohr) as a lumped group are alleged to have collectively violated Plaintiff's First Amendment rights of free speech and freedom religion, as well as defamed him, by calling him and his teachings "anti-Semitic." (Doc. 1 ¶¶ 218, 220.) Plaintiff does not identify any particular statement by AIPAC or Kohr calling Plaintiff or his "teachings" "anti-Semitic." "Defendants" as a lumped group also are alleged to have "inaccurately portrayed" Plaintiff's "teachings and research on Jewish history and identity," and this allegedly amounts to "slander." (*Id.* ¶ 219.) Again, no specific statements by AIPAC or Kohr are alleged. Finally, all "defendants" also allegedly violated Plaintiff's Fourth Amendment rights and invaded his privacy by engaging in unspecified "surveillance activities." (*Id.* ¶¶ 218, 222.)

## ARGUMENT

### A. Plaintiff failed to properly serve AIPAC or Kohr.

The Court should dismiss Plaintiff's complaint as it relates to

- 3 -

Defendants AIPAC and Kohr because Plaintiff failed to serve them properly. Plaintiff bears the burden of proving adequate service. *Milfort v. Rambosk*, No. 2:21-CV-366-SPC-MRM, 2021 WL 4804456, at *1 (M.D. Fla. Oct. 14, 2021). Neither Plaintiff's *pro se* status nor Defendants' awareness of this lawsuit can cure Plaintiff's failure to serve Defendants properly. *See Roberts v. Anderson*, No. 23-12824, 2024 WL 1364698, at *2 (11th Cir. Apr. 1, 2024) ("[A] pro se litigant is required to conform to procedures rules such as Rule 4 . . . ."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service.").

Here, Plaintiff attempted to serve Defendants by mailing a copy of the complaint (*without* the summons) via priority mail to AIPAC's mailroom at its headquarters in Washington, D.C. *See* Ex. 1, Dec. of R. Hirsch, Esq. ¶¶ 3–4.[2] That attempt at service is insufficient under Rule 4.[3] To be sure, Plaintiff has not even filed any proof of service as to AIPAC or Kohr.

---

[2] In resolving a motion to dismiss for insufficiency of service of process, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryan v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008) (footnotes omitted).

[3] Plaintiff later hired a process server to bring a copy of the complaint and other filings to the office of AIPAC and Korh's outside counsel, Berman Fink Van Horn P.C. To the extent that was another attempt at service, it was also insufficient. Serving a party's attorney is not a valid method of serving an original complaint. *See* Fed. R. Civ. P. 4 (besides serving the United States, making no mention of serving a party's attorney as a valid method of service); Fed. R. Civ. P. 5(a)(1)(B) (applying to only "a pleading filed after the original complaint"). Moreover, Plaintiff cannot evade the requirement of formal service under Rule 4 by filing an amended complaint because "formal service is needed for an amended complaint when … the original complaint was never properly served." *Topa v. Kerbs*, No. 218CV475FTM38MRM, 2018 WL 6249847, at *2 n.3 (M.D. Fla. Nov. 29, 2018).

Plaintiff's mailing of the complaint without the summons is insufficient under Rule 4(c). For effective service, "[a] summons *must* be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1) (emphasis added). Additionally, Rule 4(c)(2) specifies that service must be made by someone who is "not a party." For either of these reasons alone, the complaint must be dismissed.

Even if a nonparty had mailed the summons together with the complaint, mailing copies to AIPAC's headquarters is not sufficient to serve Kohr. Rule 4(e)(2) provides that an individual may be served either by personal delivery, delivery to his "dwelling or usual place of abode," or delivery to an authorized agent. While Rule 4(e)(1) also allows for service by a method authorized under the law of the state where the district court is located or where service is made, Plaintiff's mailing of the complaint to AIPAC's headquarters would also not suffice under Florida or Washington, D.C. law. *See* Fla. Stat. §§ 48.031, 48.194; D.C. Super. Ct. Civ. R. 4.

Mailing a copy of the complaint (even if with the summons) is also insufficient to serve AIPAC. A corporation must be served either in the manner prescribed for serving an individual or by delivering a copy of the summons and complaint to an officer or authorized agent. *See* Federal Rule 4(h)(1); *see also Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) (explaining that "delivering" refers to personal service). Both Florida and Washington D.C. law require service on a corporation's registered agent where

one has been appointed and can reasonably be served. *See* Fla. Stat. § 48.081; D.C. Code § 29-104.12. Here, Plaintiff did not attempt to serve AIPAC's registered agent in Florida or Washington, D.C., instead mailing a copy of the complaint (without summons) to AIPAC's general mailroom.

Accordingly, the Court should dismiss Plaintiff's complaint as to Defendants AIPAC and Kohr pursuant to Rule 12(b)(5).[4]

## B. Plaintiff fails to establish personal jurisdiction over Defendants.

The Court should also dismiss Plaintiff's claims against Defendants under Rule 12(b)(2) because Plaintiff fails to establish personal jurisdiction over AIPAC or Kohr. Attacks on personal jurisdiction may be facial or factual. *Nutramax Labs., Inc. v. Lintbells Inc.*, No. 8:22-CV-1691-TPB-MRM, 2023 WL 2598663, at *2 (M.D. Fla. Mar. 22, 2023). Where, as here, a defendant makes a facial attack, the Court must determine whether the plaintiff pled sufficient facts to "establish a prima facie case of personal jurisdiction over a nonresident defendant." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate

---

[4] Another related basis for dismissal is Rule 4(m), which provides a 90-day deadline to serve a defendant. While 90 days have not passed as of the date of this motion, 90 days will have passed by the time this motion is fully briefed and ripe for review. To the extent the case is still pending after the 90-day deadline and the Court has not *sua sponte* entered an order under Rule 4(m), Defendants may file an additional motion under Rule 4(m).

the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009). Here, Plaintiff's allegations fail to satisfy either prong.

As an initial matter, Plaintiff does not plead any facts establishing general personal jurisdiction in Florida. He does not allege that AIPAC is a Florida corporation or has its principal place of business in Florida (or has such continuous and systematic contacts that render it essentially "at home" in Florida). *See Daimler AG v. Bauman,* 571 U.S. 117, 139 (2014). Nor does he allege that Kohr is a Florida resident. Contrarily, Plaintiff alleges that AIPAC is organized under the laws of Washington, D.C., and that Kohr is its CEO. (Doc. 1 ¶¶ 62–63.)

Plaintiff also fails to allege facts to support an exercise of personal jurisdiction under Florida's long-arm statute. Under Florida's long-arm statute, a court may exercise specific personal jurisdiction over a nonresident defendant where the cause of action arises from the defendant engaging in one of several enumerated acts. *See* Fla. Stat. § 48.193. Here, the only possibly applicable enumerated act in the long-arm statute is "[c]omitting a tortious act within this state." *Id.* § 48.193(1)(a)(2). But Plaintiff fails to plead facts supporting an exercise of personal jurisdiction under that provision. Nowhere in his sprawling 222-paragraph complaint does Plaintiff allege that AIPAC or Kohr engaged in *any* act in Florida, nor that either of them even directed any

communication into Florida from which any of his claims arise. *See Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002). Plaintiff also fails to satisfy this prong because, as discussed below, he fails to state any tort claim at all. *See Wendt*, 822 So. 2d at 1260 ("The threshold question that must be determined is whether the allegations of the complaint state a cause of action.").

For similar reasons, Plaintiff fails to plead facts showing that an exercise of personal jurisdiction in Florida would comport with due process. The Due Process Clause "constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). For an exercise of personal jurisdiction to comport with due process, "the nonresident generally must have certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (alteration in original) (internal quotation marks omitted). Again, Plaintiff fails to plead *any* contacts between AIPAC or Kohr and Florida, much less contacts that his claims relate to or arise from. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) (explaining that claims must arise from or relate to the defendant's contacts with the forum).

Because Plaintiff fails to plead facts supporting an exercise of personal jurisdiction over Defendants under either Florida's long-arm statute or the Due Process Clause, the Court should dismiss this action as to Defendants for lack of personal jurisdiction.

## C. Plaintiff's shotgun pleading violates Rule 8.

The Court should dismiss Plaintiff's complaint because it is a shotgun pleading in violation of Rule 8. A "shotgun pleading" is one that does "not provide a short and plain statement of a claim as required by Rule 8," *Brown v. Air Line Pilots Ass'n*, 813 F. App'x 353, 355 (11th Cir. 2020), and that fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty, Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). A district court retains "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including, under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)." *Id.* at 1320.

Plaintiff's complaint is a shotgun pleading because "it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so," *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020), and it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

Plaintiff's 141-page, 222-paragraph complaint is neither "short" nor "plain." Rather, it is a rambling political manifesto, covering events as broad-ranging as the origins of Zionism in biblical scripture (according to Plaintiff's view), the alleged roles of Jews in the American slave trade, and claims of

- 9 -

purchasing modern-day political influence. Ironically, 65 paragraphs in, Plaintiff claims to "aim to provide a concise understanding" of his "significant intentions," (Doc. 1 ¶ 65), but then proceeds to present an excessively lengthy recitation of his worldview. This leaves Defendants with the monumental task of sifting the seemingly relevant material from a mass of verbiage. And after wading through the litany of vague and conclusory rhetoric and overly verbose paragraphs, AIPAC and Kohr are left wondering what specific conduct they are alleged to have engaged in that gives rise to Plaintiff's claims.

Plaintiff's complaint is also a shotgun pleading for the independent reason that Plaintiff "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. Despite its length, the complaint specifically references AIPAC in only about a dozen out of its 222 total paragraphs. And other than identifying Kohr as AIPAC's CEO, (Doc. 1 ¶ 63), Plaintiff fails to assert any specific allegations about Kohr.

Rather than plead specific allegations regarding AIPAC or Kohr, Plaintiff improperly groups them with the other defendants as if they are a single unit. In each count of his complaint, Plaintiff alleges that "defendants" engaged in certain conduct without ever specifying any conduct attributable to AIPAC or Kohr. (Doc. 1 ¶¶ 218–222); *see also, e.g.,* (Doc 1 ¶ 16) (alleging

defendants "work together in unison"); (*id.* ¶ 38 (alleging defendants "act in concert collectively"); (*id.* ¶ 211 (describing defendants as "conjoined twins" allegedly working together to purchase political influence). Such lumping together of defendants is impermissible and a hallmark of shotgun pleading. *Weiland*, 792 F.3d at 1323.

Accordingly, the Court should dismiss Plaintiff's complaint as a shotgun pleading.

### D. Plaintiff fails to state a claim.

If the Court reaches the merits, it should dismiss Plaintiff's claims against AIPAC and Kohr for failure to state a claim. Plaintiff utterly fails to plead facts that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Each count is addressed in turn.[5]

#### 1. Plaintiff fails to state a claim for "constitutional rights violations."

##### a. Plaintiff fails to allege state action.

The Court should dismiss Plaintiff's claim for "constitutional rights violations" under the First and Fourth Amendments because those amendments protect individuals from only government action, not actions of

---

[5] Plaintiff fails to allege the citizenships of all the parties and thus fails to establish diversity jurisdiction. Plaintiff's count for "constitutional violations" is his only federal claim. If the Court dismisses that federal claim, it should decline to exercise supplemental jurisdiction over the remaining state-law claims and should dismiss them. *See* 28 U.S.C. § 1367(c)(2).

private corporations or citizens like AIPAC and Kohr. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019) ("[T]he Free Speech Clause prohibits only *governmental* abridgment of speech. The Free Speech Clause does not prohibit *private* abridgment of speech."); *Walter v. United States*, 447 U.S. 649, 656 (1980) (explaining that "a wrongful search or seizure conducted by a private party does not violate the Fourth Amendment"); *United States v. Montijo*, No. 2:21-CR-75-SPC-NPM, 2022 WL 93535, at *3 (M.D. Fla. Jan. 10, 2022) ("The Fourth Amendment protects individuals from government actors, not private ones."). Plaintiff's conclusory allegation that Defendants acted "under color of state law," (Doc. 1 ¶ 64), is the type of "threadbare recital[] of a cause of action's elements" that cannot overcome a motion to dismiss without supporting factual allegations, which are absent from Plaintiff's complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[6]

While exceptions exist where a private party may be considered a "State actor," they apply "[o]nly in rare circumstances." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). For private parties to be considered State actors, one of the following conditions must be met: "(1) the State has coerced or at least significantly encouraged the action alleged to

---

[6] *See also Brown v. McLeod*, No. 8:23-CV-741-CEH-JSS, 2023 WL 7482757, at *2 (M.D. Fla. July 24, 2023) (Sneed, M.J.) ("Plaintiff has proffered no allegations to indicate that Defendant acted with the authority of the state beyond his conclusory allegation that Defendant acted under color of state law."), *report and recommendation adopted*, 2023 WL 6476096 (M.D. Fla. Oct. 5, 2023).

violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ('nexus/joint action test')." *Id.* (cleaned up).

Plaintiff fails to allege facts that establish any of these conditions. He does not plead any facts demonstrating that any "State" coerced or encouraged AIPAC or Kohr to take any action to satisfy the "State compulsion test." At best, he appears to allege the opposite—that Defendants, on their own accord, "create[d] a file on suspected antisemite through covert acts of spying" and then gave "the exaggerated illegally obtained file to law enforcement who are already under the Defendants' influence and then encourage law enforcement to go after the individual." (Doc. 1 ¶ 3.)[7] And further demonstrating no state compulsion or encouragement, Plaintiff alleges that Defendant's engaged in "*unauthorized*" surveillance activities. (*Id.* ¶ 218) (emphasis added).

Plaintiff also fails to plead facts supporting the "public function" exception. That exception applies "[o]nly when private actors are given powers (or perform functions) that are 'traditionally the *exclusive* prerogative of the

---

[7] In fact, while the allegation is completely false and outlandish, AIPAC notes that Plaintiff alleges that AIPAC's alleged "spying" was on behalf of Israel. (Doc. 1 ¶ 78.) If that is taken as true, then AIPAC's alleged spying was for a foreign nation and not under color of "State" law as that term is used in 42 U.S.C. § 1983. Therefore, Plaintiff's allegations make clear as a matter of law that he has no valid § 1983 claim (or other "constitutional violations" claim).

State.'" *Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir. 1992) (citation omitted). As the Eleventh Circuit has held, "Few activities are 'exclusively reserved to the states.'" *Id.* Defendants' alleged unspecified acts of "covert spying" or "surveillance" do not come close to satisfying the "public functions test" because they do not constitute functions exclusively reserved to the states. Indeed, "even arrest, detention, *and search* are not exclusively reserved to the states." *Id.* (emphasis added).

Finally, Plaintiff fails to plead facts to support a finding of state action under the "nexus/joint action" test. His complaint is devoid of any allegation showing that "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). Indeed, there is no allegation that any defendant is a state-regulated entity at all. Nor is there any allegation in the complaint showing that AIPAC or Kohr are "intertwined in a symbiotic relationship," as is required for the exception to apply.[8] *Rayburn*, 241 F.3d at 1348 (internal

---

[8] Indeed, courts have concluded that such a nexus is lacking in circumstances much more compelling than the circumstances of this case. *See Blum v. Yaretsky,* 457 U.S. 991 (1982) (private nursing home not state actor despite extensive regulation and 90% fees from state); *Rendell–Baker v. Kohn,* 457 U.S. 830 (1982) (private school that treats students with drug/alcohol problems not state actor despite operating under contract with the state and receiving 90% state funding); *Greco v. Orange Memorial Hosp. Corp.,* 513 F.2d 873 (5th Cir. 1975) (no state action where private hospital operated on land leased from county).

quotation marks omitted). And as noted above, Plaintiff alleges that Defendants' alleged conduct was "unauthorized," which is the opposite of any nexus with the State. (Doc. 1 ¶ 218.)

Accordingly, Plaintiff's claims of constitutional rights violations against these private parties must be dismissed.

### b. Plaintiff fails to plead any First Amendment violation.

Even if Plaintiff pled facts establishing state action (he has not), none of his allegations supports a claim that Defendants violated his First Amendment rights. Plaintiff claims that Defendants violated his First Amendment rights to freedom of speech and religion because they allegedly misrepresented his teachings and labelled him "anti-Semitic." Even if true, such actions do not in any way abridge Plaintiff's freedom of speech or religion. Plaintiff remains free to espouse his so-called "teachings" and practice his religion. No one has censored Plaintiff or prevented him from practicing his religion. Ironically, Plaintiff seeks a judgment that itself would violate the First Amendment by quelling any criticism of his views and stifling AIPAC's and Kohr's speech in response to Plaintiff's speech. But the First Amendment does not grant any right to be free from criticism for one's own speech or "teachings."

### c. Plaintiff fails to plead any Fourth Amendment violation.

Even besides the fatal defect of failing to allege state action, Plaintiff also fails to plead a Fourth Amendment violation. He alleges Defendants violated

his Fourth Amendment rights by engaging in unspecified "surveillance activities." (Doc. 1 ¶ 218.) But merely surveilling Plaintiff, even if done by the government, is not a Fourth Amendment search at all. *See California v. Ciraolo*, 476 U.S. 207, 213 (1986) ("'What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection.'"); *United States v. Knotts*, 460 U.S. 276, 281(1983) ("A person travelling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another.") Plaintiff does not allege, for example, that Defendants entered his house and searched through his effects. As Plaintiff fails to plead any Fourth Amendment "search" or "seizure," his claims for "constitutional violations" must be dismissed.

### 2.  Plaintiff fails to state a defamation claim.

Plaintiff's defamation claim should also be dismissed under Rule 12(b)(6). Under Florida law, to establish defamation, a plaintiff must plead: "(1) publication; (2) falsity; (3) that the actor acted with knowledge or reckless disregard as to the falsity of the publication on a matter concerning a public official (also known as actual malice), or at least negligently on a matter concerning a private person; (4) actual damages; and (5) that the statement was defamatory." *Markle v. Markle*, No. 8:22-CV-511-CEH, 2024 WL 1075339, at *5 (M.D. Fla. Mar. 12, 2024) (citing *Jews For Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1105–1106 (Fla. 2008)). Plaintiff fails to establish any of these elements.

### a.  Plaintiff fails to plead the publication of any statement.

Critically, Plaintiff fails to plead any specific defamatory statement about him made by any defendant, much less by Defendants AIPAC or Kohr. Instead, Plaintiff largely groups Defendants AIPAC and Kohr[9] together with the other defendants as if they are a singular unit. His allegations of defamation appear to be premised on vague claims—without specifying any instance of publication by any defendant—that all defendants defamed him by labelling him or his work "anti-Semitic," "racist," or the like. (Doc. 1 ¶ 55, 220.)

Plaintiff also appears to base his defamation claim on unspecified alleged inaccurate portrayals of "his teachings and research on Jewish history and identify." (*Id.* ¶ 219.) Though unclear, that allegation seems to be based on Defendants' unspecified assertion of a connection to the "biblical Judeans" with which Plaintiff disagrees as well as—again, unspecified—statements about Israel, the temple, and the definition of who is a "Jew." (Doc. 1 ¶¶ 34, 46, 69.)

Nowhere in his complaint, however, does Plaintiff specify a single allegedly defamatory statement written or spoken by AIPAC or Kohr concerning Plaintiff. That alone is fatal to Plaintiff's defamation claim. Under Florida law, "a plaintiff cannot sustain a claim of defamation without identifying specific allegedly false and defamatory statements." *Hendershott v.*

---

[9] Indeed, Plaintiff's complaint is wholly devoid of any specific allegations about or references to Defendant Kohr other than identifying him as AIPAC's CEO.

*Ostuw*, No. 9:20-CV-80006, 2020 WL 13111216, at *4 (S.D. Fla. Oct. 14, 2020), *aff'd*, No. 20-13991, 2022 WL 2904080 (11th Cir. July 22, 2022). Plaintiff's vague, sweeping allegations regarding all "defendants" without identifying any particular statement by AIPAC or Kohr are insufficient as a matter of law.

### b. Plaintiff seems to base his claim on statements that cannot be "false" or "defamatory" as a matter of law.

While Plaintiff has not identified any specific defamatory statement by AIPAC or Kohr, it appears that his claims are based on unspecified alleged statements that he or his "teachings" are racist, anti-Semitic, or wrong. But such statements are either "statements that are not readily capable of being proven false" or "pure opinion," neither of which can support a defamation claim as a matter of law. *See Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2010). For example, a statement that someone participated in "homophobic taunting" "is an opinion and not actionable in a defamation suit" because it is a "subjective assessment of [plaintiff's] conduct and is not readily capable of being proven true or false." *Id.* at 1264. Whether an alleged defamatory statement is a non-actionable expression is a question of law. *See Colodny v. Iverson, Yoakum, Papiano & Hatch*, 936 F. Supp. 917, 923 (M.D. Fla. 1996).

Indeed, courts routinely dismiss defamation claims based on accusations of anti-Semitism because they are non-actionable opinions. *See, e.g.*, *Florio v. Gallaudet Univ.*, No. 22-7117, 2024 WL 4394917, at *7 (D.C. Cir. Oct. 4, 2024)

- 18 -

("[S]tatements describing the students in the salute photo as the 'face of systemic racism' and 'anti-Semitic' are likewise not actionable."); *McCafferty v. Newsweek Media Grp.*, 955 F.3d 352, 357 (3d Cir. 2020) ("[P]ure opinions cannot be defamatory. . . . That holds true even when an opinion is extremely derogatory, like calling another person's statements 'anti-Semitic.'"); *Standing Comm. on Discipline of U.S. Dist. Ct. for Cent. Dist. of California v. Yagman*, 55 F.3d 1430, 1440 (9th Cir. 1995) (holding that attorney's statement conveying his personal belief that a judge was anti-Semitic "is protected by the First Amendment as an expression of opinion based on stated facts").[10]

To the extent Plaintiff's claims are based on Defendants' alleged (but unspecified) statements about Jewish identity, Israel, or anything else that is not a statement *about Plaintiff*, the statements also are not defamatory as a matter of law. To be actionable, defamatory statements must be "of and concerning" the plaintiff. *Perez v. City of Key W.*, 823 F. Supp. 934, 938 (M.D. Fla. 1993); *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 804 (Fla.

---

[10] *See also Tannous v. Cabrini Univ.*, 697 F. Supp. 3d 350, 365 (E.D. Pa.) ("Other statements throughout, characterizing Tannous as 'antisemite of the week,' 'Professor of Hate,' 'hateful,' and 'bigoted,' may be hyperbolic and offensive but are not actionable."), *on reconsideration in part*, 702 F. Supp. 3d 317 (E.D. Pa. 2023); *Egiazaryan v. Zalmayev*, 880 F. Supp. 2d 494, 509 (S.D.N.Y. 2012) ("As such, any implication of anti-Semitism is not intended as 'demonstrable fact' and is non-actionable opinion."); *Smith v. Sch. Dist. of Phila.*, 112 F. Supp. 2d 417, 429 (E.D. Pa. 2000) ("While the Court acknowledges that a statement that plaintiff is 'racist and anti-Semitic,' if it was made, would be unflattering, annoying and embarrassing, such a statement does not rise to the level of defamation as a matter of law because it is merely non-fact based rhetoric.").

Dist. Ct. App. 1997). Also, such statements are not actionable as pure opinion or statements not readily capable of being proven false. Indeed, the Court is forbidden from wading into religious disputes such as who is a "true" Jew.[11]

Because Plaintiff's defamation claim, at best, is based on non-actionable statements, it fails as a matter of law.

### c. Plaintiff fails to plead facts sufficient to establish actual damages.

Plaintiff's threadbare allegations that Defendants calling him "anti-Semitic" "significantly damag[ed] his professional and personal reputation," (Doc. 1 ¶ 220), are conclusory and insufficient to support the actual damages element of his defamation claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). For this reason, too, he fails to state a claim.

### 3. Plaintiff fails to state an invasion-of-privacy claim.

The Court should also dismiss Count III of Plaintiff's complaint because Plaintiff fails to plead facts establishing the essential elements of an invasion of privacy claim. Under Florida law, there are three categories of invasion-of-

---

[11] The First Amendment—namely the Establishment and Free Exercise Clauses—bars judicial involvement in disputes involving issues of religious doctrine or beliefs. *See Crowder v. S. Baptist Convention*, 828 F.2d 718, 722 (11th Cir. 1987) (citing *Watson v. Jones*, 80 U.S. 679, 733 (1872) (holding that the First Amendment barred judicial resolution of a controversy over which two factions within the church should be recognized as the "true" Walnut Street Presbyterian Church of Louisville)). Thus, the Court lacks subject-matter jurisdiction to adjudicate issues such as whether Defendants are the "true" Jews or are of Semitic descent.

privacy claims: appropriation, intrusion, and public disclosure of private facts. *See Allstate Ins. Co. v. Ginsberg*, 863 So.2d 156, 162 (Fla. 2003).[12] Plaintiff does not allege facts supporting any category of an invasion of privacy claim against AIPAC or Kohr. There is no allegation that AIPAC or Kohr appropriated Plaintiff's likeness or publicly disclosed any private facts about Plaintiff.

Nor are there any allegations supporting an "intrusion" claim, which requires physical or electronic intrusion into the plaintiff's "private quarters." *Ginsberg*, 863 So. 2d at 162. Plaintiff's general allegations of "surveillance" do not establish intrusion into any private quarter. To be sure, Plaintiff's invasion-of-privacy claim appears to be based on monitoring Plaintiff's *public* online postings, which is not even alleged to have been done by AIPAC or Kohr. (Doc. 1 ¶ 52.) Accordingly, Plaintiff fails to state an invasion-of-privacy claim against AIPAC or Kohr.

### E. Defendants are entitled to their reasonable attorneys' fees and costs under Florida's anti-SLAPP law.

Florida's anti-Strategic Lawsuits Against Public Participation Statute ("anti-SLAPP law")[13] prohibits filing lawsuits that are (a) "without merit" and

---

[12] *Ginsberg* mentions a fourth invasion-of-privacy claim for false light in the public eye, but the Florida Supreme Court later receded from that statement and declined to recognize such a cause of action. *See Rapp*, 997 So. 2d at 1114.

[13] Florida's anti-SLAPP law applies to Florida state-law claims brought in federal court. *See, e.g.*, *Gov't Emps. Ins. Co. v. Glassco Inc.*, No. 8:19-CV-1950-KKM-JSS, 2021 WL 4391717, at *5–6 (M.D. Fla. Sept. 24, 2021), *judgment entered*, 2022 WL 705154 (M.D. Fla. Mar. 9, 2022), *and aff'd*, No. 23-11056, 2024 WL 4490531 (11th Cir. Oct. 15, 2024); *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1128 (S.D. Fla. 2021); *Bongino v. Daily Beast Co.*, 477 F. Supp. 3d

(b) "primarily" because the person against whom the suit was filed "exercised the constitutional right of free speech in connection with a public issue." Fla. Stat. § 768.295(3). And it provides for a ***mandatory*** award of attorneys' fees and costs when a person violates that prohibition. *Id.* § 768.295(4) ("The court ***shall*** award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." (emphasis added)). Because this case violates Florida's anti-SLAPP law, the Court should award AIPAC and Kohr their reasonable attorneys' fees and costs incurred in defending against this meritless action.

First, as detailed above, Plaintiff's defamation claim is without merit.[14] Plaintiff fails to identify a single, specific defamatory statement made by Defendants and, to the extent any statement can be inferred, they are not actionable as a matter of law.

Second, the complaint makes clear that Plaintiff filed this action primarily based on Defendants' exercise of their constitutional rights to free speech in connection with public issues, namely, anti-Semitism, Israel, and Judaism. "Free speech in connection with public issues" includes "any written

---

1310, 1323–24 (S.D. Fla. 2020).

[14] To be sure, the anti-SLAPP statute does not apply to the federal § 1983 claim. But the gravamen of the lawsuit is the meritless defamation claim based on Defendants' alleged statements about Judaism, Israel, and anti-Semitism, and allegedly calling Plaintiff "anti-Semitic." In any event, the entire lawsuit is without merit for the reasons discussed above.

or oral statement that is protected under applicable law and is made before a governmental entity in connection with an issue under consideration or review by a governmental entity." *Id.* § 768.295(2)(a). That is the speech at issue here.

Plaintiff refers to Defendant AIPAC as the "jewish lobby," which he claims was developed to "supposedly lobby Congress for American aid to resettle Jewish refugees in Israel" and "buy political influence."[15] (Doc. 1 ¶¶ 78, 198.) Plaintiff also makes allegations about AIPAC's alleged communications with "every Senator, Congressman, and woman, including the United States President and his staff." (*Id.* ¶ 78.) And he makes clear that this lawsuit is primarily about Defendants "lobby[ing] the entire Congress of the United States" and working to engage in "image protection of Zionist Israel."

Plaintiff's lawsuit is thus clearly predicated on Defendant AIPAC's (and Kohr's as its CEO) exercise of free speech—namely, petitioning the government on public issues relating to the U.S.-Israel relationship.[16] Accordingly, the Court should enter an award of reasonable attorneys' fees and costs in favor of Defendants AIPAC and Kohr. Fla. Stat. § 768.295(4).

---

[15] While Plaintiff correctly cites AIPAC's mission as supporting and strengthening "the U.S.-Israel relationship in ways that enhance the security of the United States and Israel," he claims that AIPAC is a "political predator" that "trains politicians like monkeys after a banana" in support of its mission. (Doc. 1 ¶ 95.) Despite the absurdity of Plaintiff's portrayal of AIPAC's role in politics, Plaintiff very clearly acknowledges that AIPAC's work is rooted in advocacy in issues of central importance to the government.

[16] *See Abbas v. Foreign Policy Grp.*, 975 F. Supp. 2d 1, 12 (D.D.C. 2013) (finding issues regarding U.S. aid to Israel and the Palestinians to be "fundamentally a matter of the public . . . interest").

## CONCLUSION

For these reasons, the Court should dismiss all claims against Defendants and award Defendants their reasonable attorneys' fees and costs.

### Local Rule 3.01(g) Certification

I certify that counsel for Defendants AIPAC and Kohr conferred by email with Plaintiff in a good faith effort to resolve this motion, but the parties were unable to agree on the resolution of all or part of the motion.

Dated: November 4, 2024                Respectfully submitted,

                                       BERMAN FINK VAN HORN P.C.

                                       By:   */s/ Jeremy L. Kahn*
                                             Jeremy L. Kahn
                                             Florida Bar No. 105277
                                             jkahn@bfvlaw.com
                                             kmoore@bfvlaw.com
                                             3475 Piedmont Road, NE
                                             Suite 1640
                                             Atlanta, Georgia 30305
                                             (404) 261-7711

                                       AIPAC

                                       By:   /s/ *Rachel Hirsch*
                                             Rachel Hirsch (*Pro Hac Vice*)
                                             D.C. Bar No. 991122
                                             Chief Legal Counsel, AIPAC
                                             251 H. Street NW
                                             Washington, D.C. 20001
                                             (202) 246-0519
                                             rhirsch@aipac.org

                                       *Counsel for AIPAC and Howard Kohr*

- 24 -

## CERTIFICATE OF SERVICE

I certify that, on November 4, 2024, I served a copy of the foregoing by electronically filing it with the Clerk of the Court using the CM/ECF system, which will automatically email a notice of electronic filing to all counsel of record. I also served a copy of the foregoing by sending it by first-class mail to:

> Rick Johnston
> 10151 University Blvd.
> #338
> Orlando, FL 32817
> *Pro Se*

BERMAN FINK VAN HORN P.C.

By:   */s/ Jeremy L. Kahn*
      Jeremy L. Kahn