UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICK JOHNSTON,

    Plaintiff,

v.   Case No: 6:24-cv-1465-JSS-EJK

ANTI-DEFAMATION LEAGUE,
JONATHAN GREENBLATT, BNAI
BRITH INTERNATIONAL, DANIEL
S. MARIASCHIN, HOWARD KOHR,
and AIPAC THE AMERICAN
ISRAEL PUBLIC AFFAIRS
COMMITTEE,

    Defendants.
_____/

## ORDER

Defendants move to stay discovery in this case pending resolution of their motions to dismiss. (Dkt. 54; *see* Dkts. 43 & 45.) Upon consideration, for the reasons outlined below, the court denies the motion to stay discovery.

In his complaint, Plaintiff, proceeding pro se, sues Defendants for violations of his freedoms of speech and religion under the First Amendment, for unreasonable search and seizure under the Fourth Amendment, for defamation, and for invasion of privacy. (Dkt. 1 at 139–40.) Plaintiff alleges that Defendants violated his First Amendment rights and defamed him by misrepresenting his work on Jewish history and identity, calling him anti-Semitic, and damaging his reputation and violated his Fourth Amendment rights and invaded his privacy by engaging in unauthorized

surveillance as part of a campaign to discredit his work. (*Id.*) Plaintiff seeks declaratory, injunctive, and monetary relief. (*Id.* at 140.)

"District courts have unquestionable authority to control their own dockets." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal quotation marks omitted). "This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Id.* (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)). Accordingly, courts have "broad discretion over the management of pre[]trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001).

A party moving for a stay "bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). "In deciding whether to stay discovery pending resolution" of an allegedly dispositive motion, courts "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (quoting same). This balancing "involves weighing the likely costs and burdens of proceeding with discovery." *Id.* (quoting same). The court must "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.* (quoting same).

In their motions to dismiss, Defendants raise issues related to service of process

and personal jurisdiction and contend that the complaint is a shotgun pleading, fails to state plausible claims for relief, and violates Fla. Stat. § 768.295(3). (Dkts. 43 & 45.) Having taken a preliminary peek at the pending motions, the court does not discern "an immediate and clear possibility" that they will be granted such that the need for discovery will be "entirely eliminate[d]." *See Feldman*, 176 F.R.D. at 652.[1] The court thus concludes that the harm resulting from a delay in discovery outweighs the possibility that there will be no need for discovery, and the motion to stay is denied. *See Norris v. Honeywell Int'l, Inc.*, No. 8:22-cv-2210-CEH-MRM, 2023 U.S. Dist. LEXIS 111732, at *7–8 (M.D. Fla. June 28, 2023) (denying defendants' motion to stay discovery pending resolution of their motion to dismiss because "a preliminary peek at the motion [to dismiss] d[id] not demonstrate an immediate and clear possibility that the [c]ourt w[ould] dismiss the action in full"); *Clampet v. Delta Air Lines, Inc.*, No. 23-60799-CIV-SINGHAL, 2023 U.S. Dist. LEXIS 131361, at *5 (S.D. Fla. June 26, 2023) (denying the defendant's motion to stay pending resolution of its motion to dismiss because "dismissal [wa]s not a foregone conclusion").

Accordingly, Defendants' motion to stay discovery (Dkt. 54) is **DENIED**.

**ORDERED** in Orlando, Florida, on November 15, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

---

[1] That said, the court does not express any opinion on the ultimate merits of the pending motions to dismiss.

- 4 -

Copies furnished to:

Unrepresented Parties
Counsel of Record