UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICK JOHNSTON,

    Plaintiff,

v.                                                    Case No: 6:24-cv-1465-JSS-EJK

ANTI-DEFAMATION LEAGUE,
JONATHAN GREENBLATT, BNAI
BRITH INTERNATIONAL, DANIEL
S. MARIASCHIN, HOWARD KOHR,
and AIPAC THE AMERICAN
ISRAEL PUBLIC AFFAIRS
COMMITTEE,

    Defendants.
_____/

# ORDER

Defendants have filed a Time-Sensitive Motion to Deny as Moot Plaintiff's Motion for Preliminary Injunction and Cancel Evidentiary Hearing. (Dkt. 58.) They represent that Plaintiff's position on the time-sensitive motion is unknown because although they "attempted to confer with [him] in a good-faith effort to resolve th[e] motion," he "refused to have a telephone call with" them. (*Id.* at 8.) The court presumes that Plaintiff, proceeding pro se, opposes the motion, but it advises Plaintiff to confer with Defendants in good faith as required under Middle District of Florida Local Rule 3.01(g). Upon consideration, for the reasons outlined below, the court grants Defendants' time-sensitive motion.

"District courts have unquestionable authority to control their own dockets."

*Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal quotation marks omitted). "This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Id.* (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)). Accordingly, courts have "broad discretion over the management of pre[]trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001).

"[A]ny motion . . . for . . . a preliminary . . . injunction must be based upon a cause of action . . . ." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005). In other words, "injunctive relief must relate to the relief requested in the [operative] complaint." *Puello v. Mendez*, No. 5:20-cv-198-Oc-34PRL, 2020 U.S. Dist. LEXIS 124122, at *4 (M.D. Fla. June 15, 2020), *report and recommendation adopted by* 2020 U.S. Dist. LEXIS 124070, at *2 (M.D. Fla. July 15, 2020). "An amended pleading supersedes the former pleading[.]" *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006).

Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). Under the Local Rules, a motion for a preliminary injunction

must comply with rules governing temporary restraining orders. *See* M.D. Fla. Loc. R. 6.02(a)(1). Accordingly, a motion for a preliminary injunction must include, among other things, "a precise and verified explanation of the amount and form of the required security." *See id.*; M.D. Fla. Loc. R. 6.01(a)(4).

Defendants contend that the court should deny Plaintiff's motion for preliminary injunction as moot because the motion is based on his defamation claim, which has been dropped from his amended complaint. (Dkt. 58 at 3–6; *see* Dkt. 2 at 12 ("Plaintiff . . . seeks a preliminary injunction against . . . Defendants[] to prevent ongoing and irreparable harm resulting from their coordinated defamatory campaign."); *compare* Dkt. 1 at 139–40 (suing for violations of constitutional rights, for defamation, and for invasion of privacy), *with* Dkt. 57 at 144–47 (suing for violations of constitutional rights and for invasion of privacy).) The court agrees. *See Alabama*, 424 F.3d at 1127; *Puello*, 2020 U.S. Dist. LEXIS 124122, at *4; *Dresdner Bank*, 463 F.3d at 1215. The court also denies Plaintiff's motion because it fails to include, for example, "a precise and verified explanation of the amount and form of the required security." *See* M.D. Fla. Loc. R. 6.01(a)(4), 6.02(a)(1). (*See* Dkt. 2.) *See Loren*, 309 F.3d at 1304.

Given the denial of Plaintiff's motion, the court exercises its "broad discretion over the management of pre[]trial activities" to cancel the evidentiary hearing on the motion and to terminate the associated deadline for exhibit and witness lists. *See Johnson*, 263 F.3d at 1269.

Accordingly:

1. Defendants' time-sensitive motion (Dkt. 58) is **GRANTED**.

2. Plaintiff's motion for preliminary injunction (Dkt. 2) is **DENIED** as moot and for failure to comply with the Local Rules.  Plaintiff may renew his motion if warranted.

3. The evidentiary hearing set for December 11, 2024, is **CANCELLED** at this time and may be rescheduled if a renewed motion is filed.

4. The November 25, 2024 deadline for exchanging exhibit and witness lists for the hearing is **TERMINATED**.

   **ORDERED** in Orlando, Florida, on November 22, 2024.

   _____
   JULIE S. SNEED
   UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record