UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICK JOHNSTON,

    Plaintiff,

v.     Case No: 6:24-cv-1465-JSS-UAM

ANTI-DEFAMATION LEAGUE,
JONATHAN GREENBLATT, BNAI
BRITH INTERNATIONAL, DANIEL
S. MARIASCHIN, HOWARD KOHR,
and AIPAC THE AMERICAN
ISRAEL PUBLIC AFFAIRS
COMMITTEE,

    Defendants.
_____/

# ORDER

    Plaintiff, Rick Johnston, proceeding pro se, has filed two documents: a nine-page "partial" response (Dkt. 79) and a twenty-four-page response (Dkt. 81). Defendants Howard Kohr and AIPAC The American and Israel Public Affairs Committee move to strike or disregard the documents for violating Local Rule 3.01(b). (Dkt. 83.) *See* M.D. Fla. R. 3.01(b) ("A party responding to a motion or brief may file a legal memorandum no longer than twenty pages inclusive of all parts."). Plaintiff opposes the motion to strike. (Dkt. 84.)

    "Courts . . . generally view motions to strike with disfavor." *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 699 (S.D. Fla. 2014) (quotation omitted). Moreover, Local Rule 1.01 authorizes the court to "temporarily modify or suspend the

application of" Local Rule 3.01(b) if doing so is "reasonably necessary" to "advance efficiency, consistency, convenience, and other interests of justice." M.D. Fla. R. 1.01(a)–(b). The court thus excuses Plaintiff's instant noncompliance with Local Rule 3.01(b). Nonetheless, the court cautions Plaintiff that he must comply with the Local Rules in his future filings. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("requir[ing] [pro se litigants] to conform to procedural rules").

In addition, the court notes that the parties have seemingly experienced issues regarding Local Rule 3.01(g), which requires them to "confer . . . in a good faith effort to resolve" each "motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class," before the motion is filed. M.D. Fla. R. 3.01(g). (*See* Dkt. 83 at 3; Dkt. 84 at 4; Dkt. 86.) The term "confer" in this rule is defined as engaging in "a substantive discussion." *Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2024 U.S. Dist. LEXIS 1577, at *3 (M.D. Fla. Jan. 4, 2024) (citing Middle District Discovery (2021) at I.A.2). Therefore, as necessary, Plaintiff and Defendants shall cooperate with one another to engage in substantive discussions to meet the rule's conferral requirement.

Accordingly:

1. The motion to strike (Dkt. 83) is **DENIED**.
2. The court will consider Plaintiff's documents (Dkts. 79, 81).

- 3 -

**ORDERED** in Orlando, Florida, on January 28, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party
Counsel of Record