IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| RICK JOHNSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:24-cv-01465-JSS-EJK |
| | ) |
| ANTI-DEFAMATION LEAGUE, et al. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANTS' JOINT MOTION TO
REQUIRE PLAINTIFF TO IDENTIFY ALL COUNSEL
ASSISTING HIM AND REQUIRE APPEARANCE OF COUNSEL**

Plaintiff has proceeded in this case claiming to be "pro se". However, Plaintiff has intimated that he has counsel assisting him. Accordingly, Defendants respectfully move for an order requiring Plaintiff to identify all counsel assisting him, the extent of counsel's involvement, and requiring such counsel to formally appear in this action.

**FACTUAL BACKGROUND**

On August 19, 2024, Plaintiff filed this frivolous action against Defendants—several nonprofits and their CEOs[1]—asserting claims that they are "fake Jews" and have violated his First Amendment and Fourth Amendment rights. In bringing this lawsuit, Plaintiff represented to

---

[1] Mr. Kohr retired at the end of 2024 and is now AIPAC's former CEO.

Defendants and the Court that he is pro se. Based on that representation, Plaintiff has been afforded considerable leeway despite his repeated violations of the Federal Rules of Civil Procedure and the Court's Local Rules. *See, e.g.*, (Docs. 33, 50, 52, 55, 75, 87.)

But it appears that Plaintiff is not truly pro se. On January 29, 2025, counsel for Defendants AIPAC and Kohr emailed Plaintiff asking for his availability for a call to confer on a motion. In his response, Plaintiff stated that he "ha[s] a meeting *with counsel* tomorrow for most of the day" and that "*we* are filing several motions regarding negligence and failure to respond, including a motion to compel." *See* Ex. 1 to Ex. A, Dec. of J. Kahn (emphasis added).

In reply to that email, counsel for Defendants AIPAC and Kohr specifically asked Plaintiff: "Also, you mentioned a meeting with counsel. Do you have counsel assisting you with this matter?" *Id.* Plaintiff's response to that email ignored the question, so counsel for Defendants AIPAC and Kohr asked again: "Please also answer my question about counsel. Do you have counsel assisting you with this matter? If so, please let me know who." *Id.* This time, Plaintiff responded: "None of your business." *Id.*

On January 31, 2025, counsel for Defendants AIPAC and Kohr called Plaintiff by phone. Once again, counsel for Defendants AIPAC and Kohr specifically asked Plaintiff if he had any counsel assisting him with this case.

- 2 -

*See* Ex. A, Kahn Dec. ¶ 5. Plaintiff again retorted that it is "none of your business" and stated that he is "not represented" because, if he was, then "the Court would be notified." *Id.* Counsel for AIPAC and Kohr explained that it did not matter whether Plaintiff was formally represented by an attorney with an appearance in the case, and again asked whether Plaintiff received any assistance from any counsel related to this case. *Id.* ¶ 6. Plaintiff repeatedly refused to answer that specific question, stating that it was "not gonna happen," "none of your business," and that "you don't have a right to know." *Id.* ¶ 7.

Counsel ultimately informed Plaintiff that Defendants intended to file a motion to require Plaintiff to identify any counsel assisting him, but Plaintiff continued to refuse to answer whether he has received, or currently is receiving, any assistance from any counsel related to this case. *Id.* ¶ 8. Plaintiff also told counsel that he should "stop being a little snitch." *Id.*

## ARGUMENT

Courts often afford latitude to pro se litigants because they lack the legal training or experience of attorneys representing counseled parties. *See, e.g.*, *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992); *Cherdak v. Cottone*, No. 2:22-CV-634-SPC-NPM, 2023 WL 2044608, at *2 (M.D. Fla. Feb. 16, 2023); *Bowen v. Cleveland Clinic Support Servs. Nonprofit Corp.*, No. 8:21-CV-2335-MSS-TGW, 2022 WL 21737693, at *1 (M.D. Fla. May 10, 2022); *Kovacs v. Nat'l*

*Hebrew Glatt, Inc.*, No. 05-23125-CIV, 2008 WL 3850686, at *1 (S.D. Fla. Aug. 14, 2008); *Washington v. Dep't of Child. & Fams.*, No. 807CV-396T-24 TGW, 2007 WL 1703007, at *1 (M.D. Fla. June 8, 2007).

But it is unfair for a pro se litigant to receive such latitude when the litigant is, in fact, receiving assistance from an attorney. *See In re Mungo*, 305 B.R. 762, 769 (Bankr. D.S.C. 2003) ("[F]ederal courts generally interpret pro se documents liberally and afford greater latitude as a matter of judicial discretion. Allowing a pro se litigant to receive such latitude in addition to assistance from an attorney would disadvantage the non-offending party."); *United States v. Eleven Vehicles*, 966 F. Supp. 361, 367 (E.D. Pa. 1997) ("Finally, it would be unfair to construe a pro se litigant's pleadings more liberally than the pleadings of a counselled litigant when in reality the pro se litigant has had the benefit of counsel."); *Barnett v. LeMaster*, 12 F. App'x 774, 778 (10th Cir. 2001) ("Our concern stems from the undue advantage gained when unidentified attorneys author 'pro se' pleadings."). Additionally, "such activities negatively taint the Court towards the appearance of well meaning pro se litigants who have no legal guidance at all and rely on the Court's discretionary patience in order to have a level litigating field." *Mungo*, 305 B.R. at 769.

When a purportedly pro se litigant in fact has the benefit of counsel, it "constitutes a misrepresentation to this court by both the litigant and

attorney." *Barnett*, 12 F. App'x at 778; *see also Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001). Additionally, when a lawyer assists a party with material submitted to the court, the lawyer improperly circumvents Rule 11's signature requirement, which acts as a certification by the lawyer that the document complies with Rule 11(b). *See Barnett*, 12 F. App'x at 778; *Mungo*, 305 B.R. at 768.

At this point, the extent of assistance Plaintiff has received from an attorney (or multiple attorneys) is unknown. It is unclear whether Plaintiff has had counsel provide advice, assist with legal research, review or provide guidance on any documents filed with the Court, and/or "ghostwrite" any documents in whole or in part. But any assistance Plaintiff has received has threatened the integrity of these proceedings and has prejudiced Defendants.

Plaintiff should be required to identify all attorneys who have provided him *any* assistance in this matter and disclose the extent of such assistance, including the extent of assistance he received for all prior documents he filed with the Court or served on counsel. Additionally, the Court should require any lawyer who assisted Plaintiff with any documents he has filed or served in this case to formally appear and sign such documents pursuant to Rule 11 or Rule 26(g), as applicable.[2] Plaintiff should also be required to certify in every

---

[2] Any attorneys who have secretly assisted Plaintiff may have violated their ethical obligations, such as their duties of candor to the tribunal and opposing parties, as

- 5 -

subsequent filing or served document whether he has received any assistance from counsel with respect to the filing or served document. *See Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 914 (11th Cir. 2017).

## CONCLUSION

For the foregoing reasons, the Court should enter an order requiring Plaintiff to disclose all counsel who have assisted him in any way in this litigation and the extent of such assistance, requiring any such counsel to formally appear in this action and sign any prior papers they assisted with, and requiring Plaintiff to certify in every subsequent filing or served document whether he has received any assistance from counsel with respect to the filing or served document.

## Local Rule 3.01(g) Certification

I certify that counsel conferred with Plaintiff by phone in a good faith effort to resolve this motion, but the parties did not agree on the resolution of all or part of the motion.

---

well as court rules such as Federal Rules of Civil Procedure 11 and 26(g). Defendants reserve the right to seek sanctions against such attorneys once they are identified and the extent of their assistance is discovered.

Dated: February 11, 2025                               Respectfully submitted,

BILZIN SUMBERG BAENA PRICE    BERMAN FINK VAN HORN P.C.
& AXELROD LLP

By: */s/ Scott N. Wagner*                              By: */s/Jeremy L. Kahn*
Scott N. Wagner, Esq.                                  Jeremy L. Kahn
Florida Bar No.: 51662                                 Florida Bar No. 105277
swagner@bilzin.com                                     jkahn@bfvlaw.com
ekravets@bilzin.com                                    kmoore@bfvlaw.com
1450 Brickell Avenue, Suite 2300                       3475 Piedmont Road, NE, Ste. 1640
Miami, Florida 33131                                   Atlanta, Georgia 30305
Tel: (305) 374-7580                                    (404) 261-7711
Fax: (305) 351-2265

                                                       AIPAC

*Counsel for Anti-Defamation*                          By: /s/ *Rachel Hirsch*
*League, Jonathan Greenblatt,*                             Rachel Hirsch (*Pro Hac Vice*)
*B'nai B'rith International,*                              D.C. Bar No. 991122
*and Daniel S. Mariaschin*                                 Chief Legal Counsel, AIPAC
                                                           rhirsch@aipac.org
                                                           251 H. Street NW
                                                           Washington, D.C. 20001
                                                           (202) 246-0519

                                                       *Counsel for AIPAC and Howard*
                                                       *Kohr*

## CERTIFICATE OF SERVICE

I certify that, on February 11, 2025, I served a copy of the foregoing by electronically filing it with the Clerk of the Court using the CM/ECF system, which will automatically email a notice of electronic filing to all counsel of record. I also served a copy of the foregoing by sending it by first-class mail to: Plaintiff Rick Johnston, 10151 University Blvd. #338, Orlando, FL 32817.

                                                       By:   */s/ Jeremy L. Kahn*
                                                             Jeremy L. Kahn