UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICK JOHNSTON,

    Plaintiff,

v.                                                       Case No: 6:24-cv-1465-JSS-UAM

ANTI-DEFAMATION LEAGUE,
JONATHAN GREENBLATT, BNAI
BRITH INTERNATIONAL, DANIEL
S. MARIASCHIN, HOWARD KOHR,
and AIPAC THE AMERICAN
ISRAEL PUBLIC AFFAIRS
COMMITTEE,

    Defendants.
_____/

## ORDER

Plaintiff purports to proceed pro se in this action, (*see, e.g.*, Dkt. 1 at 141; Dkt. 92 at 5), and the court has accordingly treated his filings as pro se, (*see, e.g.*, Dkt. 59 at 2 (quoting *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), when explaining that "courts 'give liberal construction' to documents filed by pro se plaintiffs"); Dkt. 87 at 2 (excusing Plaintiff's noncompliance with Local Rule 3.01(b))). However, Defendants represent that when conferring with them about this case, Plaintiff has referred to meeting with his counsel, used first-person plural pronouns, and refused to state whether any counsel have assisted him in this case. (*See* Dkts. 90, 90-1.) Consequently, Defendants move to "requir[e] Plaintiff to disclose all counsel who have assisted him in any way in this litigation and the extent of such assistance," to

"requir[e] any such counsel to formally appear in this action and sign any prior papers they assisted with," and to "requir[e] Plaintiff to certify in every subsequent filing or served document whether he has received any assistance from counsel with respect to the filing or served document." (Dkt. 90 at 6.) *See Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 914 (11th Cir. 2017) (describing the court's instruction that "if [the plaintiffs] elected to proceed pro se, . . . all . . . documents filed in th[e] case [had to] include above [the plaintiffs'] signatures the following certification: 'We hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that we have authored the foregoing document without assistance from . . . any . . . undisclosed attorney.'").

Plaintiff has not responded to Defendants' motion, and the time to do so has passed. *See* M.D. Fla. R. 3.01(c). As a result, "the motion is subject to treatment as unopposed." *Id.* Upon consideration, the court grants the unopposed motion. *See Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) ("[A]ny ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved.").

Accordingly:

1. Defendants' unopposed motion (Dkt. 90) is **GRANTED**.
2. On or before May 29, 2025, Plaintiff shall file a notice with the court disclosing all counsel who have assisted him in any way in this case as well as the extent of any such assistance, shall contact any such counsel and inform them that the court orders them to formally appear in this case and to sign any prior papers

with which they provided him any assistance, and shall certify in every subsequent filing or served document in this case whether he has received any assistance from counsel with respect to the filing or served document.

**ORDERED** in Orlando, Florida, on May 15, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record