UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICK JOHNSTON,

     Plaintiff,

v.                                 Case No: 6:24-cv-1465-JSS-NWH

ANTI-DEFAMATION LEAGUE,
JONATHAN GREENBLATT, BNAI
BRITH INTERNATIONAL, DANIEL
S. MARIASCHIN, HOWARD KOHR,
and AIPAC THE AMERICAN
ISRAEL PUBLIC AFFAIRS
COMMITTEE,

     Defendants.

_____/

## ORDER

Although the operative amended complaint is unclear, (*see* Dkt. 57), Plaintiff, proceeding pro se, seemingly sues Defendants for violating his rights under the First and Fourth Amendments and the Privacy Act, 5 U.S.C. § 552a, and for invading his privacy under Florida common law. (*See* Dkt. 57 at 144–47.) Plaintiff alleges that Defendants "weaponized religious words" against him, (*id.* at 47), and participated in unauthorized covert surveillance of him as part of a conspiracy with law enforcement to undermine his teachings about religion and history. (*See id.* at 144–47.) Defendants move to dismiss the amended complaint with prejudice on various grounds. (Dkts. 70, 78.) In addition to moving to dismiss, Defendants AIPAC The American Israel Public Affairs Committee and AIPAC's Chief Executive Officer (CEO) Howard Kohr

move to stay discovery pending the resolution of their motion to dismiss.  (Dkt. 91.)
Further, all Defendants seek legal fees pursuant to Florida's anti-SLAPP statute, Fla.
Stat. § 768.295.  (Dkt. 43 at 21–23; Dkt. 45 at 21–24.)  Plaintiff opposes the motions
to dismiss and to stay.  (Dkts. 76, 81, 92, 99.)  Upon consideration, for the reasons
outlined below, the court grants the motions to dismiss in part and denies them in part,
denies the motion to stay as moot, and denies without prejudice the motions for legal
fees under the anti-SLAPP statute.

## BACKGROUND

Plaintiff describes himself as "a church historian[] and an active church
reformer."  (Dkt. 57 at 41.)  In addition to AIPAC and Kohr, he sues the Anti-
Defamation League and its CEO Jonathan Greenblatt as well as B'nai B'rith
International and its CEO Daniel S. Mariaschin.  (*Id.*)  Throughout the amended
complaint, Plaintiff shares his understanding of world history as it relates to Jewish
identity, and he claims that Defendants are "fake [J]ews" who have, on a global scale,
knowingly propagated falsities regarding their Jewishness to calamitous effect.  (*See,
e.g., id.* at 3–4, 43, 88, 133; *see also id.* at 7 (Plaintiff's characterization of Israel as "not
a legitimate biblical country").)  Plaintiff further claims: "Anyone who disagrees
with . . . [D]efendant[s'] worldview of their religion is immediately labeled as a hateful
racist, a [J]ew hater, an anti-Zionist, anti-Israel, white supremacist, or someone who
could commit a hate crime."  (*Id.* at 7 (emphasis omitted).)  Plaintiff charges
Defendants with using such labels to suppress his teachings.  (*E.g., id.* at 144.)  Plaintiff
also asserts that Defendants have illegally obtained information by spying on him and

other United States citizens without warrants and that law enforcement agencies at all levels of government have knowingly received illegally obtained information in cooperation with Defendants. (*E.g.*, *id.* at 69, 118, 145–46.)

Plaintiff initiated this case in August 2024 by filing a 141-page complaint, in which he brought counts against Defendants collectively for constitutional violations and related defamation and privacy torts. (Dkt. 1 at 139–40.) The alleged constitutional violations involved Plaintiff's First Amendment rights to free speech and freedom of religion and Fourth Amendment right against unreasonable searches. (*Id.* at 139.) In November 2024, Defendants moved to dismiss the initial complaint, (Dkts. 43, 45), and in response, Plaintiff filed the operative 150-page amended complaint, (Dkt. 57). In amending, Plaintiff removed the defamation count from his pleading and made other changes to his allegations. (*Compare id.*, *with* Dkt. 1.) According to the case management and scheduling order, the deadline for amending the pleadings in this case expired on January 21, 2025. (Dkt. 62 at 1.)

## APPLICABLE STANDARDS

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The party seeking to invoke the court's jurisdiction "has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085–86 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(1) and *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). If a court lacks jurisdiction, its "only remaining function is to announce that [it] lack[s] jurisdiction and dismiss the cause."

*Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022) (citing *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019)).

Although courts "give liberal construction" to pro se filings, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *see Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). That said, courts are "reluctant to approve a dismissal" on subject matter jurisdiction grounds "where the plaintiff, as in this case, is proceeding pro se." *Simanonok v. Simanonok*, 787 F.2d 1517, 1520 (11th Cir. 1986).

Federal Rule of Civil Procedure 4(e) sets forth four ways to serve an individual defendant "in a judicial district of the United States": (1) by "delivering a copy of the summons and of the complaint to the individual personally," (2) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," (3) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process," or (4) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Rule 4(h) lays out two ways to serve a corporation, partnership, or association "in a judicial district of the United States": (1) by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any

other agent authorized by appointment or by law to receive service of process" and—if required by statute—by "also mailing a copy of each to the defendant" or (2) by following state law pursuant to Rule 4(e).  Fed. R. Civ. P. 4(h)(1).  "[T]he burden of proving the validity of service of process is on the plaintiff."  *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005); *accord Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) ("Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity.").

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."  *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).  With respect to service and personal jurisdiction, "it is proper for [the court] to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008) (footnotes omitted).  However, "[g]enerally, a plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *N. Am. Sugar Indus., Inc. v. Xinjiang Goldwind Sci. & Tech. Co.*, 124 F.4th 1322, 1333 (11th Cir. 2025) (alteration adopted and quotation omitted).  "If a defendant is not served within [ninety] days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  The court has the discretion "to extend the time for service of

process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain . . . a short and plain statement of [a] claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires the plaintiff to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To "promote clarity," Rule 10(b) also requires the plaintiff to state "each claim founded on a separate transaction or occurrence . . . in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A court may dismiss a complaint as a shotgun pleading "where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis omitted) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

## ANALYSIS

In moving to dismiss, AIPAC and Kohr assert that the court lacks subject matter jurisdiction over this case because the court is not competent to adjudicate the theological issues central to Plaintiff's claims. (Dkt. 78 at 17–19.) Kohr and AIPAC further maintain that Plaintiff failed to serve them and failed to establish personal

jurisdiction over them. (*Id.* at 3–10; *see also* Dkts. 56, 97.)  In addition, all Defendants contend that the amended complaint is subject to dismissal with prejudice as a shotgun pleading and for failure to state a claim.  (Dkt. 70 at 8–21; Dkt. 78 at 2, 10–17, 19–24.)

The court agrees with Defendants that the amended complaint is a shotgun pleading, and therefore, the court does not address the arguments regarding failure to state a claim.  *See Magluta v. Samples*, 256 F.3d 1282, 1284–85 (11th Cir. 2001) (declining to address the merits of the claims in a shotgun pleading in the interest of judicial economy).  However, dismissal with prejudice is not warranted.  Instead, the court permits Plaintiff to amend, provided that he complies with all directions in this order.  *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, . . . a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."); *Isaac v. United States*, 809 F. App'x 595, 599 (11th Cir. 2020) ("While [the Eleventh Circuit] said that *Vibe Micro* applied to counseled parties, there is no indication that it would not apply to pro se litigants, especially since pro se parties are entitled to more leniency.").

In resolving the motions to dismiss, the court discusses in turn the topics of subject matter jurisdiction, service and personal jurisdiction as to Kohr and AIPAC, and shotgun pleading.  The court then considers the motions to stay and for legal fees.

### A. Subject Matter Jurisdiction

Federal courts lack subject matter jurisdiction over civil matters that are "strictly and purely ecclesiastical in . . . character," such as those concerning "theological

controversy, church discipline, ecclesiastical government, or the conformity of the members of [a] church to the standard of morals required of them." *Crowder v. S. Baptist Convention*, 828 F.2d 718, 722 (11th Cir. 1987) (quoting *Watson v. Jones*, 80 U.S. 679, 733 (1871)); *see Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y*, 719 F. App'x 926, 928 (11th Cir. 2018) (explaining that the "court correctly dismissed [a pro se] complaint for lack of subject matter jurisdiction" because the alleged "dispute involv[ed] the application of church doctrine and procedure to discipline one of [the church's] members" and such a dispute "is not appropriate for secular adjudication"). However, "courts may apply neutral principles of law to decide church disputes that 'involve no consideration of doctrinal matters.'" *Myhre*, 719 F. App'x at 928 (alteration adopted) (quoting *Jones v. Wolf*, 443 U.S. 595, 602 (1979)).

According to AIPAC and Kohr, Plaintiff's dispute centers on whether Defendants are "'real' or 'fake' Jew[s]" and "whether Israel is a 'legitimate biblical country,'" and the court lacks jurisdiction to resolve these theological issues. (Dkt. 78 at 19.) Plaintiff agrees that the court cannot adjudicate theological issues, but he claims that his "amended complaint is not about adjudicating theological issues[] or interp[re]ting scripture." (Dkt. 81 at 2.)

The court is likely not competent to adjudicate the theological issues identified by AIPAC and Kohr. *Cf. Klagsbrun v. Va'ad Harabonim of Greater Monsey*, 53 F. Supp. 2d 732, 742 (D.N.J. 1999) ("[T]he issue . . . is whether [one of the plaintiffs] engaged in bigamy within the meaning of the Orthodox Jewish faith, which by its very nature

necessitates an inquiry into religious doctrine." (emphasis omitted)).  Nevertheless, it is not clear to the court that all the complained-of misconduct involves ecclesiastical matters beyond its jurisdiction.  Plaintiff appears to allege, for example, that Defendants engaged in unauthorized surveillance of him, (*see* Dkt. 57 at 145–47), and AIPAC and Kohr do not explain why the court is not competent to determine whether they did, (*see* Dkt. 78 at 17–19).  For that reason, and because courts hesitate to dismiss pro se complaints on subject matter jurisdiction grounds, *see Simanonok*, 787 F.2d at 1520, the court does not dismiss this case for lack of subject matter jurisdiction.

## B.  Service and Personal Jurisdiction as to Kohr and AIPAC

AIPAC and Kohr's personal jurisdiction arguments fare better than their subject matter jurisdiction argument.  With respect to service, Kohr contends that Plaintiff's only attempts to serve him—first through an attorney at a law firm in Georgia, (*see* Dkts. 71, 78-1), and then through a director of security at AIPAC's headquarters in Washington, D.C., (*see* Dkts. 85, 97-1)—did not comply with Rule 4(e).  (Dkt. 78 at 4–6; Dkt. 97 at 1–4.)  Similarly, AIPAC asserts that Plaintiff's only attempts to serve it—first by mailing the complaint but not the summons to AIPAC's mailroom in Washington, D.C., and then by leaving the complaint and summons with AIPAC's director of human resources at its Washington, D.C. headquarters, (*see* Dkts. 73, 78-2, 78-3)—did not comply with Rule 4(h).  (Dkt. 78 at 6–8.)  Kohr and AIPAC further maintain that Plaintiff fails to plead facts supporting a prima facie case of personal jurisdiction over them because Plaintiff does not allege any contacts between Kohr or AIPAC and Florida.  (*Id.* at 8–10.)

Appearing to conflate a defendant's actual notice of legal documents with the proper service of the documents, (*see* Dkt. 79 at 2–3, 6–7; Dkt. 99 at 2), Plaintiff responds that Kohr and AIPAC have evaded service, (Dkt. 79 at 5; Dkt. 99 at 4–5). Plaintiff also states—without support—that the director of human resources, who submitted a declaration for Kohr and AIPAC's motion to dismiss, "was manipulated into lying and denying the truth." (Dkt. 81 at 16; *accord* Dkt. 79 at 6 (calling the director's declaration a "concocted lie[]"); Dkt. 99 at 5 (describing it and the other declarations supporting the motion as "riddled with lying coverups and denials of authority").) In addition, Plaintiff asks to serve Kohr and AIPAC via email and requests that the court compel them to provide him with information about how to serve them and about what happened with the documents delivered during the prior service attempts. (Dkt. 79 at 4–7; Dkt. 99 at 2–5.) Regarding personal jurisdiction, Plaintiff claims that Kohr and AIPAC do business in Florida and maintain offices throughout Florida. (Dkt. 79 at 1.) Plaintiff also states that according to AIPAC's website, AIPAC has members in Florida and gives money to politicians in Florida. (*Id.*)

The court agrees with Kohr and AIPAC that Plaintiff has not effected service on them. The affidavits of service related to Kohr show that the summons and complaint were not delivered to him personally or left at his residence, (*see* Dkt. 71 at 3; Dkt. 85 at 1), and declarations support that Kohr has not appointed the attorney or director of security to accept service of process on Kohr's behalf, (Dkt. 78-1 at 2; Dkt. 97-1 at 2). With respect to AIPAC, the attempt to serve the complaint without a

summons, (*see* Dkt. 78-2 at 2), was improper under Rule 4(c)(1). *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). Further, the attempt to serve AIPAC through its director of human resources was improper because declarations support, (*see* Dkt. 78-2 at 3; Dkt. 78-3 at 2–3), that the director of human resources was not "an officer, a managing or general agent, or any other agent authorized by appointment . . . to receive service of process" for AIPAC. *See* Fed. R. Civ. P. 4(h)(1)(B). Plaintiff does not explain how absent appointment, the applicable law authorized these individuals to accept service for Kohr or AIPAC, and although Plaintiff discusses Florida law, he does not explain how the service attempts for Kohr or AIPAC complied with the Florida, Georgia, or D.C. service laws. (*See* Dkts. 79, 81, 99.) Accordingly, Plaintiff has not met his burden as to service on Kohr or AIPAC. *See Fitzpatrick*, 580 F. App'x at 694; *Martin*, 233 F.R.D. at 631.

Plaintiff's arguments to the contrary are unpersuasive. Whether Kohr and AIPAC have been notified of Plaintiff's filings is of no moment because a "defendant's actual notice is not sufficient to cure defectively executed service." *Albra*, 490 F.3d at 829. Further, Plaintiff's argument that Kohr and AIPAC have evaded service lacks evidentiary support. *See Nelson v. Barden*, 145 F. App'x 303, 311 (11th Cir. 2005) (affirming dismissal when the pro se plaintiff "failed to cite to evidence to support his argument . . . that the defendants, in refusing to accept improper service, were evading service"). As for Plaintiff's unsupported accusations of lying, the director of human resources declared the truth of her statements in accordance with 28 U.S.C. § 1746(2), (*see* Dkt. 78-3 at 3), and Plaintiff does not provide evidence contradicting the

- 11 -

declaration.

Plaintiff seems to rely on Florida law involving evasion of service to support his request to serve Kohr and AIPAC via email. (*See* Dkt. 79 at 5–6; Dkt. 99 at 4–5.) *See* Fla. Stat. § 48.161 (mentioning electronic transmission when discussing substitute service for nonresident individuals and businesses concealing their whereabouts); *but see Johnson v. Eleftherio*, No. 24-cv-23366-ALTMAN, 2024 WL 5085839, at *3 n.3, 2024 U.S. Dist. LEXIS 226340, at *9 n.3 (S.D. Fla. Dec. 12, 2024) (expressing doubt that "Florida's substituted-service statute allows for service by email"). Because Plaintiff has not established that Kohr and AIPAC have evaded service, (*see* Dkts. 79, 99), the court denies this request. *Cf. Nelson*, 145 F. App'x at 311. The court also denies the request, as well as Plaintiff's request that the court compel Kohr and AIPAC to provide him with information related to service, because Plaintiff improperly embeds the requests in a response instead of filing motions in accordance with Middle District of Florida Local Rule 3.01. Federal Rule of Civil Procedure 7 generally requires a request for a court order to be made by motion, Fed. R. Civ. P. 7(b)(1), so "a request for affirmative relief . . . is not properly made when simply included in a response to a motion," *Markland v. Insys Therapeutics, Inc.*, 270 F. Supp. 3d 1318, 1319 n.1 (M.D. Fla. 2017).

If Plaintiff has factual and legal bases for his requests, he may file motions that articulate the bases and that fully comply with Local Rule 3.01 (and all other applicable Local Rules). *See Redding v. Fanning*, No. 5:14-CV-407 (MTT), 2016 WL 6821098, at *3, 2016 U.S. Dist. LEXIS 159213, at *10 (M.D. Ga. Nov. 17, 2016) ("[T]he [c]ourt

is not obligated to divine the factual and legal bases for [pro se filings].”); *see also Reese v. Herbert*, 527 F.3d 1253, 1264 n.17 (11th Cir. 2008) (“The court [i]s by no means obliged to overlook [a] violation of the [L]ocal [R]ules.”); *Parker v. Parker*, 829 F. App’x 389, 392 (11th Cir. 2020) (discerning “no abuse of discretion in the denial of [a pro se] motion to compel for failure to comply with Local Rule 3.01(g)”).  To comply with Local Rule 3.01(g), Plaintiff shall engage in good-faith substantive discussions with Defendants to resolve his motions before he files them.  (*See* Dkt. 87 at 2.)  The court advises Plaintiff that it is prohibited from “serv[ing] as de facto counsel” for him or “rewrit[ing] an otherwise deficient pleading . . . to sustain [this] action.”  *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted).  That said, the court’s website offers resources for pro se litigants, including a document titled Guide    for    Proceeding    Without    a    Lawyer,    through    the https://www.flmd.uscourts.gov/litigants-without-lawyers webpage.

Plaintiff’s failure to serve Kohr and AIPAC means that the court lacks personal jurisdiction over them.  *See Pardazi*, 896 F.2d at 1317.  Moreover, the court agrees with Kohr and AIPAC, (*see* Dkt. 78 at 8–10), that the amended complaint does not allege any contacts between either of them and Florida for a prima facie case of personal jurisdiction, (*see* Dkt. 57).  *See N. Am. Sugar Indus.*, 124 F.4th at 1333.  Although the amended complaint alleges in general terms that this action involves parties who do business in Florida, (*id.* ¶ 69), it does not assert that Kohr or AIPAC does business in Florida, (*see id. passim*).  Plaintiff states in his response to the motion to dismiss that

Kohr and AIPAC each do business in Florida and have other contacts with the state. (Dkt. 79 at 1.)  However, just as Plaintiff must request affirmative relief from the court through a motion, he cannot amend his pleading through a response to a motion to dismiss.  *See Davis-Harrison v. Chief U.S. Prob. Officer Middle Dist. of Fla.*, No. 22-14334, 2024 WL 2874046, at *2, 2024 U.S. App. LEXIS 13921, at *5 (11th Cir. June 7, 2024) ("[A] plaintiff cannot amend h[is] complaint through a response to a motion to dismiss, even if []he is 'proceeding pro se.'" (quoting *Dorman v. Chaplains Off. BSO*, 36 F.4th 1306, 1317 (11th Cir. 2022))).  Even when liberally construed in Plaintiff's favor, *see Albra*, 490 F.3d at 829, the amended complaint alleges no contacts between Kohr or AIPAC and Florida, (*see* Dkt. 57).  Accordingly, the court cannot exercise personal jurisdiction over Kohr or AIPAC based on the amended complaint.  *See Chery v. Bowman*, 901 F.2d 1053, 1055–57 (11th Cir. 1990) (explaining that a court in Florida would violate the Constitution if it exercised personal jurisdiction over a nonresident defendant having "no contacts with" Florida).  If Plaintiff repleads his claims against Kohr or AIPAC, he shall allege Kohr or AIPAC's contacts with Florida in his new pleading, provided that he can do so in good faith.

## C. Shotgun Pleading

The Eleventh Circuit has identified four categories of shotgun pleadings.  *See Weiland*, 792 F.3d at 1321–23.  The amended complaint implicates each category. (*See* Dkt. 57.)  First, the amended complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *See*

*Weiland*, 792 F.3d at 1321–22.  The amended complaint purports to assert only three counts, yet it contains 150 pages of allegations, including 225 numbered paragraphs preceding the counts.  (*See* Dkt. 57.)  Given the voluminous allegations, the amended complaint does not contain the "short and plain statement" required under Rule 8(a)(2) and is thus a shotgun pleading.  *See* Fed. R. Civ. P. 8(a)(2); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (explaining that an amended complaint asserting sixteen counts "patently violate[d]" Rule 8(a)(2) when it contained twenty-eight pages, including 123 paragraphs incorporated into each count); *Whispering Pines Mobile Homeowners' Ass'n v. Wallach*, No. 6:19-cv-487-Orl-41EJK, 2020 WL 9455604, at *2, 2020 U.S. Dist. LEXIS 253810, at *4 (M.D. Fla. Apr. 7, 2020) ("The [a]mended [c]omplaint is clearly not a short and plain statement of the claim as it contains over seventy pages and more than two hundred numbered paragraphs . . . ." (internal quotation marks omitted)).  If Plaintiff repleads, he shall include in the second amended complaint only allegations necessary to support his causes of action.

Second, Plaintiff does not specify which, if any, of the 225 paragraphs are incorporated into a count.  (*See* Dkt. 57.)  Indeed, it appears that no count incorporates any of the paragraphs before it, including paragraphs that identify the parties, allege jurisdiction, and contain factual support for the counts.  *See Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 663–64 (11th Cir. 2019) (affirming a dismissal on shotgun pleading grounds when counts failed to "incorporate any of the preceding general allegations"); *Sanchez v. Team Health, LLC*, No. 18-21174-CIV, 2020 WL

- 15 -

12188439, at *1, 2020 U.S. Dist. LEXIS 260038, at *4 (S.D. Fla. May 18, 2020)
(dismissing without prejudice counts that failed to incorporate allegations of
jurisdiction and other necessary details); *Secker v. Moorings Ltd.*, No. 8:12-CV-1616-T-
27MAP, 2013 WL 12388642, at *1–2 & n.5, 2013 U.S. Dist. LEXIS 208420, at *2–3
& n.5 (M.D. Fla. Jan. 16, 2013) (noting that a count "fail[ed] to reallege or incorporate
by reference any of the background allegations essential to establishing jurisdiction"
and then dismissing the complaint without prejudice as a shotgun pleading).
Alternatively, each count could be construed as incorporating all of the paragraphs
before it, thereby making "the last count . . . a combination of the entire complaint."
*Weiland*, 792 F.3d at 1321; *see also Jackson*, 898 F.3d at 1356; *Mikov v. Village of Palm
Springs*, No. 23-13311, 2024 WL 3178043, at *3, 2024 U.S. App. LEXIS 15526, at *8
(11th Cir. June 26, 2024) (affirming a dismissal without prejudice on shotgun pleading
grounds when the complaint "made it overly burdensome to identify which facts
support[ed] each claim").  The court agrees with Defendants that the lack of clarity
surrounding which paragraphs are incorporated renders the amended complaint a
shotgun pleading.  (*See* Dkt. 78 at 14 ("[A]lthough Plaintiff does not expressly
incorporate any paragraphs into any count, he seems to have intended every allegation
to be part of each count.  And to the extent he did not and instead leaves Defendants
to guess which . . . paragraphs are supposed to be part of each count, that itself makes
the amended complaint a shotgun pleading.").)  If Plaintiff repleads, he shall state in
each count which of the paragraphs preceding the counts are incorporated into the
count.  He shall take care to incorporate into a count only those allegations necessary

- 16 -

to support the count.

Third, the amended complaint "assert[s] multiple claims against multiple [D]efendants without specifying which . . . [D]efendants are responsible for which acts or omissions, or which . . . [D]efendants the claim is brought against." *Weiland*, 792 F.3d at 1323. The court agrees with Defendants that instead of "identify[ing] the specific conduct allegedly attributable to each Defendant," Plaintiff "impermissibly groups *all* Defendants together . . . without articulating how each Defendant was involved (if at all) in the alleged conduct." (Dkt. 70 at 11; *accord* Dkt. 78 at 15.) If Plaintiff repleads, he shall refrain from referring to Defendants collectively and shall instead identify the specific actions he alleges are attributable to each Defendant. He shall also clarify the Defendant or Defendants for each count. *See Embree*, 779 F. App'x at 664 (affirming a dismissal on shotgun pleading grounds when counts "failed to specify the exact conduct each defendant engaged in as to each count"); *Zimmerman v. Buttigieg*, 521 F. Supp. 3d 1197, 1207 (M.D. Fla. 2021) ("[L]ump[ing] all allegations against each defendant together . . . is an unacceptable form of establishing a claim for relief.").

Fourth, the amended complaint does "not separat[e] into a different count each cause of action or claim for relief." *See Weiland*, 792 F.3d at 1322–23. Each of the three counts in the amended complaint suffers from this pleading deficiency. The first count—which generally seeks to vindicate Plaintiff's First Amendment rights— discusses both free speech and freedom of religion. (Dkt. 57 at 144–45.) The count asserts that Defendants are working in "a close symbiotic relationship" with law

enforcement to retaliate against Plaintiff for his speech.  (*Id.*)  The count also seems to assert that Defendants are "stifl[ing] . . . the exercise of [Plaintiff's] religious freedom."  (*Id.*)  For a claim of speech-based retaliation under section 1983, "a plaintiff generally must plead (1) that the plaintiff engaged in constitutionally protected speech, (2) that the defendant's retaliatory conduct adversely affected the protected speech, [and (3)] that the retaliatory action caused the adverse effect on plaintiff's speech."  *Turner v. Williams*, 65 F.4th 564, 579 (11th Cir. 2023) (quotation omitted).  For a free exercise of religion claim, a plaintiff must allege that "(1) the plaintiff holds a belief, not a preference, that is sincerely held and religious in nature, not merely secular[,] and (2) the law at issue in some way impacts the plaintiff's ability to either hold that belief or act pursuant to that belief."  *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n*, 942 F.3d 1215, 1246 (11th Cir. 2019) (quotation omitted).  If Plaintiff intends to assert speech-based retaliation and free exercise claims, he shall set out each claim in its own count.  In general, each cause of action with distinct elements needs its own count.  *See Burke v. Custom Marine Grp.*, 847 F. App'x 578, 581 (11th Cir. 2021) ("The district court correctly identified [the] complaint as implicating the . . . failure to separate into a different count each cause of action or claim for relief.  In Count V, [the plaintiff] alleged 'Negligent Manufacturing, Design, Failure to Warn, Etc.' . . . .  These are distinct theories of liability that involve different facts and should be asserted independently." (footnote and quotation omitted)); *Trophia v. Camping World, Inc.*, 616 F. Supp. 3d 1305, 1310 (M.D. Fla. 2022) ("[B]ecause a claim for loss of consortium is a separate claim, combining that claim with another claim under the same count raises

shotgun[ ]pleading concerns.").

The second count cites section 1983 and refers generally in its title to a constitutional rights violation, but it does not name a constitutional right. (Dkt. 57 at 145–46.) However, the count alleges that Defendants conspired with law enforcement to retaliate against Plaintiff by spying on him without a warrant, creating secret files about him, and sending the files to law enforcement. (*Id.*) Thus, the court liberally construes the count as alleging a violation of Plaintiff's Fourth Amendment right against unreasonable searches through section 1983. *See Albra*, 490 F.3d at 829. That said, if Plaintiff repleads, each section 1983 count in the second amended complaint shall specify the constitutional right pertaining to the count. The fourth pleading deficiency arises in the second count because the count also cites 18 U.S.C. § 241 (conspiracy against rights). (Dkt. 57 at 146.) To the extent that the count attempts to state a claim under this criminal statute, the claim fails. *See Laster v. CareConnect Health Inc.*, 852 F. App'x 476, 478 (11th Cir. 2021) (explaining that 18 U.S.C. § 241 "pertain[s] to criminal law and do[es] not provide a civil cause of action or any civil remedies" (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960))). Plaintiff shall not include any claims under 18 U.S.C. § 241 in any future pleading in this case.

The third count charges Defendants with invading Plaintiff's privacy and violating the Privacy Act, and thus, it fails to separate claims based on invasion of privacy from claims based on the Privacy Act. (Dkt. 57 at 147.) Moreover, the count fails to identify how Defendants invaded Plaintiff's privacy. (*Id.*) As Defendants explain, (Dkt. 70 at 19; Dkt. 78 at 24), Florida law recognizes three distinct torts related

- 19 -

to invasion of privacy, *see Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156, 162 (Fla. 2003) (discussing the four privacy torts of appropriation, public disclosure of private facts, intrusion upon seclusion, and false light in the public eye); *see also Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1115 (Fla. 2008) (clarifying that Florida law does not recognize the tort of false light in the public eye). If Plaintiff wishes to allege appropriation, public disclosure of private facts, or intrusion upon seclusion in a second amended complaint, he shall identify the privacy tort by name, set it out in its own count, and include in the count allegations that support each element of the tort with facts. *See Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1310 & n.7, 1313 (M.D. Fla. 2010) (explaining that the appropriation tort has the same elements as a violation of section 540.08, Florida Statutes, which generally prohibits "publish[ing], print[ing], display[ing,] or otherwise publicly us[ing] for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by [such person]" and which "requir[es] that the unauthorized use . . . directly promote the product" (quotation omitted)); *Cape Publ'ns, Inc. v. Hitchner*, 549 So. 2d 1374, 1377 (Fla. 1989) ("The elements [of public disclosure of private facts] can be summarized as 1) the publication, 2) of private facts, 3) that are offensive, and 4) are not of public concern."); *Pet Supermarket, Inc. v. Eldridge*, 360 So. 3d 1201, 1206-07 (Fla. Dist. Ct. App. 2023) ("[I]ntrusion upon seclusion . . . requires physically or electronically intruding into one's private quarters. The intrusion must also be one that would be highly offensive to a reasonable person." (quotations and citations omitted)). Further, with respect to

the Privacy Act, it is unclear from the third count how Defendants allegedly violated the statute. (*See* Dkt. 57 at 147.) If Plaintiff repleads his Privacy Act claims, he shall identify the provision (or provisions) of the Privacy Act that each Defendant purportedly violated and shall explain how the provision was violated.

For all the above reasons, "it is virtually impossible to know [from the amended complaint] which allegations of fact are intended to support which claim(s) for relief." *See Weiland*, 792 F.3d at 1325. Accordingly, the amended complaint is due to be dismissed as a shotgun pleading.

### D. The Motions to Stay and for Legal Fees

The court denies as moot AIPAC and Kohr's motion (Dkt. 91) to stay discovery in this case pending resolution of their motion to dismiss because this order resolves the motion to dismiss. *See Prolow v. Aetna Life Ins. Co.*, 510 F. Supp. 3d 1303, 1311 (S.D. Fla. 2021) (denying as moot a motion to stay pending resolution of a motion to dismiss in an order that also resolved the motion to dismiss); *Palma v. Safe Hurricane Shutters, Inc.*, 615 F. Supp. 2d 1339, 1346–47 (S.D. Fla. 2009) (same).

The court denies without prejudice Defendants' motions for legal fees under the anti-SLAPP statute because the shotgun nature of the amended complaint has prevented the court from addressing the merits of Plaintiff's claims. *See Magluta*, 256 F.3d at 1284–85; *see also Montano v. Wash. State Dep't of Health*, No. 1:23-23903-BECERRA/GOODMAN, 2024 WL 3029155, at *11, 2024 U.S. Dist. LEXIS 95402, at *27 (S.D. Fla. May 28, 2024) (recommending the denial without prejudice of an

"anti-SLAPP fee request until after a merits-based determination [was] made"), *report and recommendation adopted by* 2024 WL 3026528, at *1, 2024 U.S. Dist. LEXIS 106953, at *3 (S.D. Fla. June 17, 2024); *Barbuto v. Mia. Herald Media Co.*, No. 21-cv-20608, 2021 WL 4244870, at *4, 2021 U.S. Dist. LEXIS 177120, at *10 (S.D. Fla. Sept. 17, 2021) ("[T]he [c]ourt does not agree that [the d]efendant is entitled to an award of fees and costs [under Florida's anti-SLAPP statute] at this juncture because the [c]ourt has not addressed the merits of [the p]laintiff's claims, nor has the [c]ourt made the finding that [the p]laintiff's lawsuit as a whole is without merit."). Defendants may renew their anti-SLAPP requests if Plaintiff fails to clarify his claims in a second amended complaint or if, after he clarifies his claims, Defendants deem the claims in the second amended complaint to be without merit.

CONCLUSION

Accordingly:

1. Defendants' motions to dismiss (Dkts. 70, 78) are **GRANTED in part and DENIED in part**. The motions are **granted** in that Plaintiff's amended complaint (Dkt. 57) is **DISMISSED without prejudice**. The motions are otherwise **denied**.

2. AIPAC and Kohr's motion to stay (Dkt. 91) is **DENIED as moot**.

3. The motions containing Defendants' anti-SLAPP requests (Dkts. 43, 45) are **DENIED without prejudice**.

4. The service-related requests embedded in Plaintiff's responses (Dkts. 79, 99) are

**DENIED without prejudice**.

5. Plaintiff may file a second amended complaint on or before August 15, 2025. If Plaintiff files a second amended complaint, he shall comply with all of the directions in this order, including the following:

   a. The court grants Plaintiff leave to file a second amended complaint so that he can remove information unrelated to—and add information in support of —the First and Fourth Amendment and privacy-related claims against Defendants in his amended complaint. (*See* Dkt. 57 at 144–47.) Plaintiff may choose not to bring any or all of these claims in the second amended complaint, or he may choose to bring them all, if he can do so in good faith after he corrects the pleading deficiencies identified in this order. However, Plaintiff shall not assert other claims in the second amended complaint unless he first satisfies Federal Rule of Civil Procedure 16(b)(4) by demonstrating "good cause" and obtaining "the [court]'s consent." Fed. R. Civ. P. 16(b)(4). Further, the second amended complaint shall not include any claim under 18 U.S.C. § 241.

   b. Plaintiff shall not bring claims against Kohr or AIPAC in the second amended complaint without also alleging sufficient contacts between Kohr and Florida (for Kohr) or AIPAC and Florida (for AIPAC) to support personal jurisdiction and, on or before August 29, 2025, effecting service in compliance with Federal Rule of Civil Procedure 4 with respect to the claims.

c. For each section 1983 claim asserted in the second amended complaint,
Plaintiff shall identify the specific constitutional right he alleges was
violated and shall tailor his allegations to the elements of the cause of
action associated with that right.

d. Plaintiff shall eliminate from his second amended complaint all details
unrelated to the claims that he asserts in the second amended complaint,
and Plaintiff shall add details only as necessary to correct the pleading
deficiencies identified in this order and otherwise state claims for relief.
In general, Plaintiff shall work to submit a pleading that complies with
Federal Rule of Civil Procedure 8(a)(2) by presenting "a *short and plain*
statement of the claim showing that [he] is entitled to relief."  Fed. R.
Civ. P. 8(a)(2) (emphasis added).

e. If the second amended complaint brings a claim without correcting all
pleading deficiencies identified in this order related to that claim or if the
second amended complaint fails to comply with any of these directions,
the court may dismiss the second amended complaint without notice to
Plaintiff.

**ORDERED** in Orlando, Florida, on July 21, 2025.


_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record